IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR328** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **AMENDED TENTATIVE FINDINGS** |
| | ) | |
| **JOHN ARMENDARIZ, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"). According to the Addendum, the Defendant submitted objections to the PSR initially both through counsel and pro se. However, the objections were not filed pursuant to ¶ 6 of the Order on Sentencing Schedule. *See* Order on Sentencing Schedule, ¶ 6. After the issuance of the original Tentative Findings, defense counsel filed a copy of the entirety of the Defendant's objections. Therefore, the Court issues these Amended Tentative Findings. The Court advises the parties that these Amended Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the following portions of the PSR through counsel:

1. ¶ 36 - drug quantity - the objection is denied is moot in light of the parties' plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a specific sentence of 151 months, which fits within the Defendant's guideline range of 151-188 months.

2.	¶ 60 - prior conviction - denied for the reasons stated by the probation officer, and because the objection would not alter the Defendant's criminal history category IV.[1]

The Defendant objects to the following portions of the PSR through counsel:

1.	¶ 12 - the Defendant objects to the following sentence: "He also forfeits the right to seek post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct." The objection is granted in part and denied in part. The plea agreement specifically states that the Defendant forfeited the right to seek post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct, unless "the grounds for such claim are not known to the defendant, or not reasonably knowable by the defendant, at the time he enters his plea pursuant to" the plea agreement.

2.	¶ 19 - the objection to the government's version of the offense is denied. The Court is not at liberty to change the government's submission, and the guideline range is unaffected.

3.	¶¶ 64 and 68 - the objection to the two additional criminal history points for recency of the instant offense occurring within two years of his release date from prison is denied. Paragraph 64 assesses two criminal history points because the instant offense was committed within two years of the Defendant's release from prison on July 29, 2002 for the offense described in ¶ 68. Paragraph 68 describes an offense that was reversed on appeal, and therefore resulted in no criminal history points under U.S.S.G. § 4A1.1(a) or (b). According to the Nebraska Parole Board, absent the time served for the conviction that was reversed, the Defendant would have been released in May 2000 after serving time

---

[1] The parties included in the plea agreement agreeing that the Defendant's criminal history category is IV.

for the conviction described in ¶ 61, for which three criminal history points were included pursuant to § 4A1.1(a). (Addendum–probation officer's response to objection to ¶¶ 64 and 68.) The Defendant pleaded guilty to Count I of the Fourth Superseding Indictment, which charges a conspiracy beginning at least as early as January 1, 2001, which was within two years of May 2000. Because of the time served with respect to the offense described in ¶ 61, the Court must deny the objection. However, the Court disagrees with the probation officer's response in the Addendum. In *United States v. Dixon,* 360 F.3d 845 (8th Cir. 2004), the Eighth Circuit stated that the points assessed under § 4A1.1(e) must relate to a conviction for which points were assessed under § 4A1.1(a) or (b). In *Dixon,* the Eighth Circuit reversed and remanded the case for resentencing, finding that the district court erred in assessing two points under § 4A1.1(e) for time served in relation to a conviction that was set aside and therefore which did not "count" under § 4A1.1(a) or (b). *Id.* at 846-47. Applying *Dixon* to the instant case, the points assessed in ¶ 64 actually relate to the conviction described in ¶ 61 and not ¶ 68 and therefore are properly assessed.

The Defendant submitted the following objections pro se:

1. ¶ 4 - the Court is uncertain as to the precise nature of the objection, which relates either to the date of the filing of the Superseding Indictment or the dates within the Superseding Indictment. The objection is denied, as all dates in ¶ 4 appear correct.

2. ¶ 7 - Defendant alleges that different dates were deceptively included in this Indictment. The objection is denied. The Defendant was arraigned on and pleaded guilty to this Indictment. To the extent that the Defendant now raises a motion for prosecutorial vindictiveness, the motion is denied as out of time.

3.  ¶¶ 21 and 22 - the Defendant argues that cooperating witnesses are not credible, and that the government's recitation of the drug quantity is not "credible.".  The Court is not at liberty to change the government's version of the offense, and the objection is denied.  Moreover, the Rule 11(c)(1)(C) plea agreement clearly contemplated the drug quantity included in the PSR.

4.  ¶ 25 - the Defendant argues that information received from Omaha Police Officer Mark Lang is not credible.  The objection is denied; ¶ 25 merely recites information from Officer Lang's report.

5.  ¶ 27, 28 - the Defendant objects to the information received from cooperating individuals.  The objection is denied; ¶¶ 27 and 28 summarize information from reports of interviews of the individuals.

6.  ¶ 36 - the Court is uncertain as to the nature of the objection to this paragraph.  The objection relates to the credibility of "jailhouse informants."  However, ¶ 36 includes the applicable drug quantity and the base offense level.  The objection is denied.

7.  ¶¶ 66 - Paragraphs 66 and 67 set out descriptions of prior offenses that were dismissed or not prosecuted.  The Defendant objects to portions of the information in ¶ 66 for various reasons, as well as to the inclusion of the entirety of the information in both ¶¶s 66 and 67.  The objections to ¶¶ 66 and 67 are denied.  The Court notes that the Bureau of Prisons is entitled to the included information, and assures the Defendant that the Presentence Investigation Report is filed under seal.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Addendum) are granted in part and denied in part as follows:

    a. the objection to ¶ 12 is granted in part as stated above;

    b. otherwise, the objections are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 6th day of July, 2005.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge