## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR328** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **v.** | ) | **AND ORDER** |
| | ) | |
| **JOHN ARMENDARIZ, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the motions filed by the Defendant, John Armendariz, Jr. under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 149), for correction of docket text and for copies (Filing No. 153), to appoint counsel (Filing No. 154), for leave to proceed in forma pauperis (Filing No. 155), and to compel (Filing No. 158).

### FACTUAL BACKGROUND

Armendariz pleaded guilty to Count I of the Fourth Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  Armendariz was sentenced to 151 months imprisonment and five years supervised release.

In his written plea agreement, Armendariz specifically waived his right to appeal his conviction to the Eighth Circuit Court of Appeals, subject to the following exceptions:

> a.    The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the substantive basis of defendant's plea of guilty and resulting conviction fails to state a crime upon which defendant could be convicted.

> b.    Any issue involving a matter of law brought to the Court's attention at the time of sentencing in which the Court agrees further review is needed.

(Filing No. 112, ¶ 6.)

Armendariz also waived his right to bring a § 2255 motion subject to the same exceptions that apply to his waiver of a direct appeal, together with the following exception: "The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, *if the grounds for such claim are not known to the defendant, or not reasonably knowable by the defendant, at the time he enters his plea pursuant to this plea agreement*." (Filing No. 112, ¶ 6 (emphasis added).) At the change of plea hearing, Armendariz declared under oath that he was aware of his waiver of his rights to appeal his conviction and to file a § 2255 motion. (Filing No. 118, at 39-41.)

Each paragraph of the plea agreement was summarized in detail during the change of plea hearing, and Armendariz confirmed that the written plea agreement contained all of the terms, conditions and promises between Armendariz and the government. (Filing No. 118, at 31-32, 36-37.) Armendariz stated that he voluntarily signed the plea agreement absent threats or promises aside from those contained in the plea agreement. (Filing No. 118 at p. 37.) Armendariz acknowledged that he understood he could withdraw his plea agreement only if the Court would reject his plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and sentence him to more than the 151 months contemplated by the plea agreement. (Filing No. 118, at 38-39.) Armendariz confirmed that he understood he was giving up his right to a trial as well as his associated constitutional rights. (Filing No. 118, at 43.)

Finding and concluding that Armendariz fully understood his constitutional rights, that he fully and voluntarily, freely, knowingly, and intelligently waived those rights with full understanding of the consequence of the waiver, Magistrate Judge Gossett recommended that this Court accept Armendariz's guilty plea and find Armendariz guilty of Count I of the

2

Fourth Superseding Indictment. (Filing No. 118, at 45, 50-51.) This Court adopted Judge Gossett's Report and Recommendation and accepted Armendariz's plea of guilty. (Filing No. 119.) Armendariz's Rule 11(c)(1)(C) plea agreement was accepted, and accordingly he was sentenced to 151 months imprisonment. (Filing Nos. 125, 126.)

## DISCUSSION

In his § 2255 motion, Armendariz raises 16 issues: 1) the district court lacked subject matter jurisdiction in not enforcing the speedy trial waiver; 2) counsel was ineffective by not challenging the Indictment as to Counts III and IV; 3) counsel was ineffective in failing to consult with him about a motion to continue and the speedy trial waiver; 4) counsel was ineffective for failing to submit to the Court an alleged conflict of interest with Assistant United States Attorney Robert Francis Cryne; 5) counsel was ineffective for failing to appeal the protective order entered by Judge Gossett; 6) counsel was ineffective for "judge shopping"; 7) counsel was ineffective for failing to file a response to the notice of prior convictions filed pursuant to 21 U.S.C. § 851; 8) counsel was ineffective for advising him that he could appeal the issues of drug quantity, conflict of interest, base offense level, propriety of the Indictment, and bill of particulars; 9) counsel was ineffective for failing to challenge the propriety of the Indictment, not hiring an investigator, and failing to research telephone calls and interview witnesses; 10) counsel was ineffective at the sentencing stage for failing to interview a government witness, Jesus Blanco; 11) the Court and the probation office ignored issues of material fact resulting in a miscarriage of justice; 12) counsel was ineffective for not informing the Defendant that he could enter into an "open plea" to Count II; 13) counsel was ineffective for not addressing the conflict of interest issue regarding the undersigned Judge; 14) counsel was

3

ineffective by misinforming him about jury instructions; 15) counsel was ineffective for "not submitting transcript of proceeding with objection appeal from magistrate's order no. 54"; and 16) counsel was ineffective for not challenging the notice of intent to introduce Rule 404(b) evidence.  This court ordered the government to respond to the issues involving ineffective assistance of counsel and all claims regarding the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.  (Filing No. 159.)

### *Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Armendariz must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

After thoroughly reviewing Armendariz's ineffective assistance of counsel claims and the government's response, the court concludes that Armendariz waived his right to bring these claims as he cannot establish that the grounds for such claims were not known to him or reasonably knowable at the time he voluntarily entered his plea agreement.  *See DeRoo v. United States,* 223 F.3d 919, 924 (8th Cir. 2000) (stating that a knowing and voluntary waiver of the right to file § 2255 claims must be upheld with the exception of a claim that ineffective assistance of counsel led a defendant to agree to the waiver).

4

Moreover, even assuming that Armendariz did not waive his ineffective of assistance claims, he has not shown that the alleged deficient performance of his counsel prejudiced the outcome of his case. Because he has waived his ineffective assistance of counsel claims and has not met the prejudice prong of the *Strickland* test, the Court need not address each ineffective assistance of counsel claim.[1]

### Speedy Trial

Similarly, Armendariz waived his right in his plea agreement to raise any claim regarding his conviction, and this waiver includes claims regarding speedy trial issues. Moreover, by pleading guilty he waived his right to a speedy trial. *United States v. Cox,* 985 F.2d 427, 433 466 US (8th Cir. 1993). Therefore, Armendariz's speedy claim is dismissed.

IT IS ORDERED:

1. The Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 149) is denied;

2. The Defendant's motion for correction of docket text and for copies (Filing No. 153) is denied as moot;

3. The Defendant's motion to appoint counsel (Filing No. 154) is denied;

4. The Defendant's motion for leave to proceed In forma pauperis (Filing No. 155) is denied as moot;

5. The Defendant's motion to compel (Filing No. 158) is denied;

---

[1]If the Court were to address each claim, the claims would likely not survive the first *Strickland* prong for the reasons stated in the government's Answer to the Defendant's § 2255 motion.

5

6.      A separate Judgment will be issued; and

7.      The Clerk is directed to mail a copy of this Memorandum and Order to the

Defendant at his last known address.

DATED this 20th day of March, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

6