# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:04CR328 |
| vs. | MEMORANDUM AND ORDER |
| JOHN ARMENDARIZ, JR. | |
| Defendant. | |

This matter is before the Court on the Defendant's "Motion for Reduction of Sentence Pursuant to Amendment 782 U.S.S.G. § 3582(c)(2)" [sic], ECF No. 229.

On October 11, 2018, the Defendant was sentenced to a term of six months incarceration, to be followed by 24 months of supervised release, following his admission to certain violations of his supervised release. See Judgment, ECF No. 224. The Defendant did not appeal his conviction or sentence and the Judgment is final.

The Defendant's pending Motion does not concern his current sentence, but the one he received on July 11, 2005, when he was sentenced to 151 months incarceration and five years of supervised release on Count I of the Fourth Superseding Indictment (conspiracy to distribute or possess with intent to deliver a mixture or substance containing methamphetamine).

Because the Defendant was found responsible for 4.025 kilograms of methamphetamine mixture, he may have been eligible for a reduction in his sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) if he had still been incarcerated on November 1, 2015, the effective date of the Amendment. However, he began his term of supervised release on June 5, 2015. ("The

court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

Under § 1B1.10 Application Note 7(A), courts considering motions for early release from supervision may take into consideration any reduction in the term of imprisonment the court was unable to grant due to the time already served by a defendant, however the amended guideline range "shall not, without more, provide a basis for early termination of supervised release." In other words, if the Defendant had sought early termination of his supervised release, the Court could have considered the effect Amendment 782 would have had on his underlying sentence when exercising discretion to grant or deny the request.

Now that the Defendant is serving a new term of incarceration based on violations of the conditions of his supervised release, Amendment 782 provides him with no relief whatsoever. "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." Application Note 7(A).

Accordingly,

IT IS ORDERED:

1. The Defendant's "Motion for Reduction of Sentence Pursuant to Amendment 782 U.S.S.G. § 3582(c)(2)" [sic], ECF No. 229, is denied; and

2. The Clerk will mail a copy of this Order to the Defendant at his last known address.

Dated this 20th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge